IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTENA DENIS BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Act. No.: 1:20-cv-131-ECM |
| | ) (wo) |
| DONALD VALENZA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the Court on a Motion to Dismiss Plaintiff's First Amended Complaint and, in the Alternative, for More Definite Statement (doc. 26), filed by the Defendants, Donald Valenza ("Valenza"), James Brazier ("Brazier"), Houston County, Alabama ("County"), the Houston County Sheriff's Department,[1] and Neil Pollen ("Pollen").

The Plaintiff, Christena Denis Bell ("Bell"), has filed a complaint and an amended complaint in this case. (Doc. 1 & 23).

The amended complaint alleges that Bell was arrested for possession of a controlled substance and possession of drug paraphernalia on February 24, 2018, and taken to the County jail. Pollen, a booking officer at the jail, made inappropriate comments of a sexual

---

[1] Bell has conceded that the Sheriff's Department is not a legal entity capable of being sued. (Doc. 35 at 7). The motion to dismiss is, therefore, due to be GRANTED as to that Defendant, and the Sheriff's Department is due to be DISMISSED with prejudice.

nature to Bell.  (Doc. 23 ¶17).  He also withheld Bell's food tray until she showed him her breasts.  (*Id.* ¶19).  The amended complaint alleges that Pollen engaged in other conduct of a sexual nature, including inappropriately touching Bell.  (*Id.* ¶29).  According to the amended complaint, Bell's request for anxiety and sleep medication was denied by "jail staff."  (*Id.* ¶30).  Near the end of February 2018, Bell was asked to "wear a wire" as part of an investigation of Pollen.  (*Id.* ¶32).  Bell was informed that Pollen would be placed on administrative leave.  (*Id.* ¶33).  The amended complaint further alleges that the following year, in February of 2019, probation officers falsely accused Bell, (*id.* ¶37), and improperly searched her.  (*Id.* ¶38).

Bell's claims are for deliberate indifference to serious medical needs (count I), deliberate indifference to health/safety (count II), unlawful search and seizure (count III), excessive force (count IV), violation of the Americans with Disabilities Act (count V), supervisor liability (count VI), inadequate training/municipal liability (count VII), and violation of the Fourteenth Amendment (count VIII).

Each count of the amended complaint incorporates each paragraph which precedes it.  Counts I, II, III, IV, and V do not differentiate between claims against the County and claims against Valenza and Brazier.

For reasons to be discussed, the motions are due to be GRANTED to the extent that the Plaintiff will be given the opportunity to file a more definite statement of her claims against Valenza, Brazier, Pollen, and the County in this case.

## II. STANDARDS OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

Pursuant to Fed. R. Civ. P. 12(e), a party may move for a more definite statement of a pleading to which a responsive pleading is allowed, but which is so vague or ambiguous that the party cannot reasonably prepare a response.

## III.   DISCUSSION

The Defendants' motion to dismiss centers primarily on Bell's theories of liability as to Valenza, Brazier, and the County, although they also argue that Pollen is entitled to qualified immunity. The Defendants alternatively contend that Bell's amended complaint is a shotgun pleading which should be re-pleaded.

Complaints are said to be "shotgun pleadings" when they violate Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The allegations should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 10 requires that each claim be stated in separate, numbered paragraphs, "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). This enables the opposing party to respond adequately and appropriately

to the claims against it, and allows the court to "determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland v. Palm Beach Cty. Sherriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)(internal citations omitted).

"Shotgun pleadings" generally do at least one of the following: contain multiple counts where each count adopts the allegations of all preceding counts, contain facts not obviously connected to any particular cause of action, fail to separate into a different count each cause of action or claim for relief, and assert multiple claims against multiple defendants without specifying which of the defendants the claim is brought against. *See McCall v. Bank of America, N.A.*, 2016 WL 5402748, at *1 (M.D. Ala. 2016).

In this case, the allegations in the amended complaint may serve as a viable basis for the claims asserted, but that is not currently discernable because each count adopts the allegations of the preceding counts, many of the counts are brought against multiple Defendants without differentiating between Defendants, and the complaint contains facts not obviously connected to a particular cause of action. *See id.*

Examples of facts not obviously connected to a particular cause of action are the facts alleged in the amended complaint that Bell suffered false accusations, an arrest without probable cause, and a search without probable cause by probation officers in February of 2019. (Doc. 23 ¶¶37 & 38). These events, which are alleged to have occurred nearly a year after Bell's initial detention, are not referred to in any of the counts for relief and are not obviously connected to any particular cause of action.

4

The amended complaint also contains claims within a single count asserted against Valenzia, Brazier, and the County. Although the amended complaint includes some separately pleaded claims based on Pollen's actions, it refers jointly to Valenza and Brazier and alleges that they participated in "Pollen's actions above," without specifying which actions by Pollen are relevant to which Defendant's liability. (*Id.* ¶74). Further, the basis for County liability in this case is not clearly pleaded because although Bell identifies a theory of liability in her brief that counties fund county jails, she concedes that that theory is not stated within the amended complaint. (Doc. 35 at 8). In addition to lacking the identified legal theory, the amended complaint also lacks allegations of fact to show that Bell was denied healthcare because of a deficiency in funding by the County.

Accordingly, it appears to the Court that the motion for more definite statement is due to be GRANTED so that the Defendants can reasonably prepare a response to the Bell's claims.

### IV.  CONCLUSION

For the reasons discussed, it is ORDERED as follows:

1. The motion to dismiss (doc. 26) is GRANTED to the extent that the Houston County Sheriff's Department is DISMISSED as a party in this case with prejudice and all other claims in the case are DISMISSED without prejudice.

2. The motion for more definite statement (doc. 26) is GRANTED to the following extent:

a.  The Plaintiff shall file a new amended complaint, complete unto itself, in accordance with M.D. Ala. Local Rule 15.1, on or before **March 26, 2021**, that complies

with Rules 8 and 10 of the Federal Rules of Civil Procedure and with the requirements of this Order.

    b.  The amended complaint must not incorporate previous counts by reference, but must contain the facts and theory specific to each count within that count.

    c.  The counts of the amended complaint must specify which claims are brought against each Defendant, specifically:

        1.  the amended complaint must identify the facts alleged to support a claim of liability against Defendants Valenza and Brazier as supervisors.

        2.  the amended complaint must plead facts to support a separate theory of liability against Houston County, Alabama.

    DONE this 26th day of February, 2021.

                                /s/ Emily C. Marks  
                            EMILY C. MARKS  
                            CHIEF UNITED STATES DISTRICT JUDGE